UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **TANANDA SMITH**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**MENA REGIONAL HEALTH SYSTEM,**<br><br>    Defendant. | Case No.:   2:23-cv-02023<br><br>Judge: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant Mena Regional Health System ("**Mena**") hereby removes the State Court Action described below to the United States District Court for the Western District of Arkansas. Mena removes this case pursuant to the Class Action Fairness Act ("**CAFA**") and 28 U.S.C. § 1332.

## STATEMENT OF THE CASE

1. Plaintiffs Tananda Smith, individually and on behalf of A.S. and K.S. (collectively, "**Plaintiffs**"), have brought this lawsuit on behalf of a putative class of all Mena Regional Health System patients whose personal identifying information ("**PII**") or protected health information ("**PHI**") were allegedly transmitted to third parties without authorization as a result of an alleged breach to Mena's digital information storage system.

2. On behalf of themselves and the putative class, Plaintiffs seek actual damages, compensatory damages, statutory damages, punitive damages, attorneys' fees, costs, and other such relief.

{10960276:2 }

## PROCEDURAL BACKGROUND

3. On January 4, 2023, Plaintiffs commenced a class action suit in the Circuit Court of Polk County, Arkansas, titled as *Tananda Smith, et al. v. Mena Regional Health System* (the "**State Court Action**"). A true and accurate copy of the State Court Action's Complaint is attached as **Exhibit A** ("**Compl.**").

4. Mena received notice of the State Court Action on January 13, 2023.

## THE CLASS ACTION FAIRNESS ACT AS BASIS FOR REMOVAL

5. Under the Class Action Fairness Act, a district court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and where the total number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(2).

6. Congress passed CAFA to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate *cases* of national importance under diversity jurisdiction." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1032 (8th Cir. 2014) (emphasis in original) (internal citations and quotations omitted).

7. Each requirement for this Court's exercise of jurisdiction under 28 U.S.C. § 1332(d) is satisfied in this case:

### The Class Includes More than 100 Members

8. Plaintiffs' putative class includes:

All persons whose Private Information was compromised as a result of the Data Breach discovered by [Mena] in October 2021 and for which it began providing notice in or about November 2022 (the "Class").

(Compl., at ¶ 191.)

9. While Plaintiffs do not offer a specific estimate of the size of the putative class, their Complaint notes that the class number could consist of "approximately 84,814 individuals." (*Id.* at ¶ 194.)

10. That there are more than 100 members in the putative class is confirmed by the Declaration of Robert I. Rupp, attached as **Exhibit B**, which explains that an information security incident at Mena impacted more than 100 individuals.

## Minimum Diversity is Satisfied

11. While Plaintiffs and Mena are both alleged to be Arkansas residents, the members of the putative class are not so limited; rather, the class is defined to include "[a]ll persons whose Private Information was compromised as a result of the Data Breach" at issue. (*Id.* at ¶ 191.)

12. The members of the putative class include non-Arkansas residents, as Mena's business records reflect that at least one patient of Mena who received notice of the incident and would be included within the proposed class resides outside of Arkansas. (*See* Rupp Decl.) These non-Arkansas individuals, therefore, fall within the definition of the class.[1]

13. Because Mena is a citizen of Arkansas under 28 U.S.C. § 1332(d)(10), the fact that at least one member of the putative class is a resident of a state other than Arkansas satisfies the minimal diversity requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

## The Class's Alleged Damages Exceed $5,000,000

14. Finally, it is "more likely than not" that the amount put into controversy by Plaintiffs' claims for relief exceed the sum or value of $5,000,000 exclusive of costs and interests. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (defendants must demonstrate

---

[1] Mena has not individually identified any out-of-state patients by name or address herein due to confidentiality concerns.

that damages are "more likely than not" meet the amount-in-controversy requirement).

15. In their prayer for relief, Plaintiffs request: (1) "restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct"; (2) "[o]rdering Defendant to pay for not less than ten years of credit monitoring services for Plaintiff(s) and the Class"; (3) "[f]or an award of actual damages, compensatory damages, statutory damages, and statutory penalties"; (4) "[f]or an award of punitive damages"; (5) "[f]or an award of attorneys' fees and costs, and any other expense, including expert witness fees"; (6) "[p]re- and post-judgment interest on any amounts awarded"; and (7) statutory damages, among other forms of relief.  (Compl., Prayer for Relief, at ¶¶ d-i.)

16. Plaintiffs seek damages stemming from any/all of the following injuries: (a) finding fraudulent charges; (b) canceling and reissuing credit and debit cards; (c) purchasing credit monitoring and identity theft prevention; (d) addressing their inability to withdraw funds linked to compromised accounts; (e) taking trips to banks and waiting in line to obtain funds held in limited accounts; (f) placing "freezes" and "alerts" with credit reporting agencies; (g) spending time on the phone with or at a financial institution to dispute fraudulent charges; (h) contacting financial institutions and closing or modifying financial accounts; (i) resetting automatic billing and payment instructions from compromised credit and debit cards to new ones; (j) paying late fees and declined payment fees imposed as a result of failed automatic payments that were tied to compromised cards that had to be canceled; and (k) closely reviewing and monitoring bank accounts and credit reports for unauthorized activity for years to come, among other such injuries. (*Id.* at ¶ 186.)

17. When added together, all these forms of relief sought by Plaintiffs and on behalf of the Class Members – including potential attorneys' fees and punitive damages – would easily

exceed the jurisdictional threshold of this Court, especially when considering a potential class size of over 84,000 class members. Because it is more likely than not that the claims made by Plaintiffs on behalf of the putative class put into controversy a sum in excess of $5,000,000, the amount-in-controversy requirement is met.

## PROCEDURAL AND LOCAL RULES HAVE BEEN SATISFIED

18. All of the statutory requirements for removal to this Court under 28 U.S.C. §§ 1441(a) and 1446 have been satisfied.

19. Pursuant to 28 U.S.C. § 1441(a), venue in this District is proper because it is the "district and division embracing" Polk County, Arkansas, the "place where such action is pending.

20. Pursuant to 28 U.S.C. § 1446(a), Mena has attached all process, pleadings, and orders filed in the State Court Action to date as **Exhibit A**.

21. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiffs' counsel and promptly filed in the Circuit Court of Polk County, Arkansas.

23. By filing this Notice of Removal, Mena does not waive, and expressly reserves, its right to raise any and all of its procedural and/or substantive defenses.

24. Mena reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Mena hereby gives notice that the Action pending against it in the Circuit Court of Polk County, Arkansas is removed to this Court.

Dated: February 10, 2023

Respectfully submitted,

**McDonald Hopkins PLC**

By: _/s/Timothy J. Lowe_
      Timothy J. Lowe (P68669)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI  48304
(248) 220-1352
tlowe@mcdonaldhopkins.com

Patrick McDaniel Ark. Bar No. 97133
ATTORNEY AT LAW, P.A.
311 DeQueen St.
Mena, AK 71953
t: 479.394.3091 | f 479.394.3092
patrick@arklawyer.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this Friday, February 10, 2023, I caused a true and correct copy of the Notice of Removal to be served by first class mail, postage prepaid, on the following:

- Christopher D. Jennings, Nathan I. Reiter III, **Johnson Firm**, 610 President Clinton Ave., Suite 300, Little Rock, AR 72201; and

- Gary E. Mason, Danielle Perry, Lisa A. White, **Mason LLP**, 5101 Wisconsin Ave., NW, Suite 305, Washington, DC 20016.

Dated: February 10, 2023

Respectfully submitted,

By: _/s/Timothy J. Lowe_
      Timothy J. Lowe (P68669)